WINTERS et al. v. DENT HARDWARE CO.

District Court, E. D. Pennsylvania. August 11, 1927.

No. 3999.

Patents ☞328—No. 1,385,102, for improved refrigerator door latch lever, held, so far as valid, to be restricted to the particular construction, and not infringed.

Patent No. 1,385,102, for an improved refrigerator door latch lever, except as to claims 5 and 6, for a detached latch and keeper construction, which are held invalid for lack of novelty, held, in view of the prior art, to be restricted to the special construction, and not infringed. ·

In Equity. Suit by Alexander F. Winters and another against the Dent Hardware Company. Decree for defendant.

Cyrus N. Anderson, of Philadelphia, Pa., for plaintiffs.

E. Hayward Fairbanks, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This cause concerns letters patent No. 1,385,102, for an improved refrigerator door latch lever. The conclusion reached is that the claims of the patent (other than 5 and 6) should be so read as to restrict the right granted to the plaintiff's special construction, which the defendant does not infringe, and that claims 5 and 6 are invalid.

Discussion.

The patent was held to be valid and infringed by decree of the United States District Court for the Eastern District of Wisconsin. Winters v. Sanitary Refrigerator Co. (no opinion filed). The parties were really the same as those before us, but the defendant here was not made formally a party to that proceeding. In consequence, the ruling is not asked to be deemed conclusive. An appeal from that ruling is pending. Were the question ruled in that case the question here raised, we would unhesitatingly follow it, because we are in full accord with the views expressed by Judge Geiger upon the feature of the patent which he discussed.

We have, however, a wholly different question here raised. The inventive feature and practical value of the plaintiff's latch is that, when the door is "slammed to," it will be automatically locked, whether the latch lever proper is in the position of pointing toward the door side or jamb side of the refrigerator. This result is accomplished by having two cams, respectively so placed as that one operates in one case and the other in the other. There is, as Judge Geiger has expressed it, not "the slightest doubt about the perfect identity of plaintiff's and defendant's devices in a legal sense." This is because of the use of what may be called alternate or double cams in the construction of each device. If, however, this feature had already been appropriated by the prior art, then the only advance made by plaintiff's invention was in the special construction or position of his cam, and there would be no infringement, unless this special cam feature was copied. This the defendant has not done.

Upon the question of how much of the plaintiff's latch was an appropriation of the possessions of the prior art, Judge Geiger expresses no opinion. This question is now the only one. Cams to direct the latch to a locking position are "as old as the hills," as they followed closely upon the latch string. A real advance was made by the shifting of the latch lever from the jamb to the door. This feature differentiates many of the devices of the older art from those of the present. Another advance was made in what we have called the alternate (or, what is perhaps more accurately termed, the double) cam feature. These two features in combination permit the door to be closed and locked by a slamming action whether the latch lever be in a vertical or horizontal position. If this combination did not

originate with the plaintiff's patentee, the plaintiff and defendant each have the like right to a mere special construction.

This takes us to the claims of the patent and back to the prior art. Claims 5 and 6 are subject of special discussion, and will be here ignored. The scheme of the improvement outlined in the patent application is that of an advance upon the plan of the Condit latch. The main features are (1) a transference of the latch lever to the door; and (2) to assure the operation of the device, whether the latch lever be in a vertical or horizontal position when the door is slammed. The described structure is of a device which meets both these objectives, as does likewise the patented device of the defendant. Patentability and infringement are thus both present, unless these features be old. Defendant confidently asserts them to be features of "the oldest constructions in this art," and specifically as present in the Kiel, Dent, and Charles patents.

It may be here interpolated that claims 5 and 6 of the patent in suit are for a detached latch and keeper construction. There is a practical admission of the absence of novelty in these constructions aside from the applied features above mentioned, and claims 5 and 6 have been (at least attempted to be) withdrawn from the case. Whether they can be thus eliminated is in controversy. We mention this now, so that it may be clear that we are assuming the keeper and latch (considered as detached and independently) to belong to the prior art.

We wish also to reiterate that the question is not one of the validity of plaintiffs' patent, but the scope of the claims. There is in effect no denial of the right to the specific construction described. Defendant could not well take any other position, because it also does business under the assumed protection of a like patent to its special construction. The distinction made has a controlling bearing upon the question of equivalents, and consequently upon infringement. The action of the Patent Office in rejecting claim 7 (as made in the original application) on the Ward and Kiel patents, and making no reference to the prior art bearing upon the other claims, as well as the subsequent allowance of the Schrader patent, make it manifest that the claims of the patent in suit were read and allowed as for a specific construction. The plaintiffs' application was filed December 7, 1920. Had the Condit device been a full expression of the accomplishments of the prior art at that time, as the application undoubtedly assumes, and as would seem to have been assumed throughout, there could be no doubt that the claims of the patent (other than 5 and 6) should be read so broadly as to give the patentee the full benefit of the doctrine of equivalents. Kiel, however, as early as 1895 (letters patent No. 564,448), Dent in 1900 (letters patent No. 670,506), Charles in 1901 (letters patent No. 702,185), Schrader in 1914 (letters patent No. 1,117,709), and again in 1915 (letters patent No. 1,170,685), Ward in 1917 (letters patent No. 1,250,736), and Schrader still again in 1917 (letters patent No. 1,265,120), all describe devices which, if after the patent in suit and if the claims of the latter are broadly read, would be infringements. There is in consequence no novelty in the features in respect to which the patent in suit is asserted to be an advance upon the Condit device, to wit, placing the keeper upon the door jamb, and the lever upon the door, and providing for the closing of the door without regard to the position of the lever.

We make this latter statement with confidence, because in the argument addressed to us this closing of the door with indifference to the position of the latch lever was asserted to be prevented in the devices of the old art solely by the fact that the lever latch was placed on the jamb. This leaves to the plaintiffs no exclusive right, except to the particular construction of their device. There can be no denial of the fact that this device has many merits. It is simple, of neat appearance, durable and effective, and in all these respects an improvement upon the latches before in use. Although the plaintiffs have exposed themselves to the charge of overstating the favorable reception given to this latch by the trade, we can well believe that it found a ready sale. There is likewise room for at least the suspicion that the defendant sought to "cut in" on the plaintiffs' trade by making a latch, in the druggist's phrase, "just as good," and that the differences in the two devices are only such as to make a difference in special construction. That there is such difference is evidenced by the findings of the Patent Office in granting a patent to each. We are here concerned only with plaintiffs' claim of right to a monopoly, and we hold that they have none, except to a latch of their own special construction, and this right our finding is the defendant does not infringe.

With respect to claims 5 and 6 a word must be added. It is a wise and general practice in patent cases to select the claims which, as the phrase goes, are "in issue." All the claims of this patent were thus put in is-

sue, and the defendant was at some pains and expense to answer to claims 5 and 6. It was not until the argument that the plaintiff sought to withdraw these claims. We will not stop to discuss any of the questions raised, but content ourselves with the finding that claims 5 and 6 are of no validity.

An appropriate decree in accordance with this opinion may be submitted.